**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AXTRIA, INC., et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 20-cv-6424** |
| | : | |
| **OKS GROUP, LLC, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

**SITARSKI, M.J.**                                                   **December 29, 2021**

Pending before the Court is Defendants' Brief Addressing Applicability of Hague

Convention to Depositions of Non-party Indian Nationals in India (ECF No. 36) and Plaintiffs'

Brief in Opposition to Application of Procedures Under the Hague Convention, and in Support

of Application of the Federal Rules of Civil Procedure, to Depositions of Witnesses Located in

India (ECF No. 40).[1]  For the following reasons, the video depositions of the Indian nationals

identified in the parties' briefs shall proceed pursuant to the Federal Rules of Civil Procedure.

## I.       RELEVANT BACKGROUND

At the November 9, 2021, discovery conference in this matter, the parties indicated that a

dispute had arisen regarding the applicability of the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters (Convention) to the planned depositions of

their respective Indian attorneys.[2]  The parties agreed that the depositions could proceed

---

[1]  The Honorable Eduardo C. Robreno referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 38).

[2]  Plaintiffs seek to depose Aditya Wadhwa and Sougat Mishra, who represented Defendants' interests in the Indian criminal matter, as well as Diya Kapur, who assisted in the underlying civil matter.  (Axtria Brief, ECF No. 36, at 2; OKS Brief, ECF No. 40, at 2).

remotely, but Defendants insisted on compliance with the Convention, whereas Plaintiffs submitted that the depositions should proceed pursuant to the Federal Rules of Civil Procedure. Accordingly, I ordered the parties to brief the issue.

## II.     PARTIES' ARGUMENTS

Relying upon the website of, and email correspondence with, the United States State Department, Defendants maintain that Plaintiffs must follow the requirements of the Convention.[3]  Defendants also quote *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14-JFB-SRF, 2018 WL 11189616, at *2 (E.D. Pa. Nov. 16, 2018) – itself quoting *Tulip Computers International B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469 (D. Del. 2003) – for the proposition that although the Convention is "not mandatory" but an "alternative or permissive" option to the Federal Rules, it is nonetheless "virtually compulsory" "since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention."  (OKS Brief, ECF No. 36, at 4 (quotations omitted)).  In addition, they cite several factors for determining the Convention's applicability first set forth in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987), as well as additional factors from *Tulip Computers*.  (*Id.* (quotations omitted)).  Finally, they

---

Defendants seek to depose Raj Kamal, who represented Plaintiffs in the Indian criminal matter. (Axtria Brief, ECF No. 36, at 2; OKS Brief, ECF No. 40, at 2).

[3]  *See* United States Department of State, *India Judicial Assistance*, "Taking Voluntary Depositions of Willing Witnesses," https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/India.html (last visited December 20, 2021) ("Voluntary depositions of Indian nationals and third country nationals require prior permission of the Indian Central Authority for the Hague Evidence Convention."); Email Exch. w/U.S. Embassy New Delhi, ECF No. 36-1, at 2 ("If the person to be deposed is not a U.S. citizen, you are required to obtain permission from the host government to depose the individual.").

distinguish case law holding that foreign parties – unlike the nonparties here – may be compelled to travel to the United States for deposition without implicating the Convention.  (*Id.* (citing *Schindler Elevator Corp. v. Otis Elevator Corp.*, 657 F. Supp. 2d 525 (D.N.J. 2009))).

Plaintiffs counter that courts regularly disregard nonbinding State Department guidance like that proffered by Defendants.  (Axtria Brief, ECF No. 40, at 4 (cited cases omitted)).  They argue that *In re Global Power Equipment Group Inc.* rejected the notion from *Liqwd* and *Tulip Computers* that Convention compliance "is virtually compulsory" to obtain discovery from foreign nonparties outside the United States.  (*Id.* (citing 418 B.R. 833 (Bankr. D. Del. Oct. 28, 2009))).  They further contend that, in any event, those two cases are distinguishable because in this case the witnesses are under the control of the parties and are not resisting discovery.  (*Id.* at 6-7).  They also cite *Societe Nationale*'s comity factors, plus two additional factors identified by *Global Power Equipment*.  (*Id.* at 3 (citations omitted)).  Applying these factors, they conclude that the depositions should proceed under the Federal Rules of Civil Procedure rather than the Convention.  (*Id.* at 7-10).  Plaintiffs close by citing cases in which courts have rejected application of the Convention and ordered video depositions to proceed in signatory countries, including India.  (*Id.* at 10 (citations omitted)).

### III.    ANALYSIS

As an initial matter, India's and the State Department's positions regarding the necessity of following the Convention is not dispositive.  *See Inventus Power v. Shenzhen Ace Battery*, No. 20 CV 3375, — F.R.D. —,  2021 WL 4477940, at *7-8 (N.D. Ill. Sept. 30, 2021) (rejecting application of the Convention despite China's insistence on following it and the State Department's warning that failure to do so could result in the "arrest, detention or deportation" of

the deposition participants) (citations and quotations omitted); *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 431 (E.D.N.Y. Mar. 10, 2008) (rejecting application of the Convention despite "France's position that the Hague Convention provides the exclusive and mandatory means of obtaining evidence in the territory of France, and . . . that discovery conducted outside the formal procedures of the Hague Convention would clearly constitute a violation of the sovereignty of the French State") (citations and quotations omitted); *cf. Shinde v. Nithyananda Found.*, No. 13-363-JGB, 2015 WL 12778434, at *1 (C.D. Cal. May 21, 2015) (rejecting application of the Convention without reference to India's insistence upon it).

Defendants rely on the admonition in *Tulip Computers* that resort to the Hague Convention is "virtually compulsory" where discovery is sought from a foreign non-party located in another country. *See* 254 F. Supp. 2d at 474. However, even in that case, the court recognized that the Convention serves merely "as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants *and third parties alike*." *Id.* at 472 (quoting *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 538) (emphasis added). Indeed, "the text of the Convention draws no distinction between evidence obtained from third parties and that obtained from the litigants themselves . . . ." *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 541. *Global Power Equipment* rejected *Tulip Computers* on this basis. *See* 418 B.R. at 850 ("the Supreme Court in *Société Nationale* stated that the Hague Procedures do not distinguish between discovery taken from a litigant or a third party"). Further, *Tulip Computers* is distinguishable because the court based its decision in part on the fact that the foreign nationals refused to "voluntarily subject[ ] themselves to discovery." 254 F. Supp. 2d at 474. Here, the foreign nationals are "willing witnesses" who have apparently agreed to sit for "voluntary depositions." (*See* Defendants' Brief, ECF No. 36, at 3 (quoting

from State Department website regarding "Taking Voluntary Depositions of Willing Witnesses" in India; Email Exch. w/U.S. Embassy New Delhi, ECF No. 36-1, at 3 (describing deponents as "willing witnesses"))).

"The 'comity analysis' factors are used irrespective of whether discovery is sought from a litigant or a third party."  *In re Global Power Equip. Grp. Inc.*, 418 B.R. at 851.  These factors include:

> (1) the importance to the . . . litigation of the documents or other information requested;
>
> (2) the degree of specificity of the request;
>
> (3) whether the information originated in the United States;
>
> (4) the availability of alternative means of securing the information; and
>
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 544 n.28 (citation and quotation omitted).  In addition, courts interpreting *Societe Nationale* have considered two additional factors:

> (6) good faith of the party resisting discovery; and
>
> (7) the hardship of compliance on the party or witness from whom discovery is sought.

*In re Global Power Equip. Grp. Inc.*, 418 B.R. at 851 (citing *Strauss*, 249 F.R.D. at 454-56).

No single factor is dispositive.  *Id.*  Further, Defendants, as the parties demanding compliance with the Convention, bear the burden of demonstrating its applicability.  *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 305 (3d Cir. 2004).

### A.      The Importance of the Depositions

There is no question that the depositions at issue are at the center of the litigation.

Wadhwa and Mishra drafted the Indian criminal court Protest Petition filed in 2020 that allegedly

violated the parties' 2017 settlement agreement by accusing entities and individuals associated

with Axtria of engaging in criminal conduct substantively identical to that at issue in prior civil

and criminal litigation resolved by the agreement.  (Am. Compl., ECF No. 15, at ¶¶ 32-34, 56-

59, 62; Protest Pet., ECF No. 15-7; OKS Brief, ECF No. 36, at 2).  Diya Kapur apparently

represented OKS India in the Indian civil litigation.  (Am. Compl., ECF No. 15, at ¶ 19; OKS

Brief, ECF No. 36, at 2).  Wadhwa and Mishra were "primarily responsible for representing

OKS's interests" in the criminal proceedings.  (OKS Brief, ECF No. 36, at 2).  Raj Kamal served

as their counterpart representing Axtria's interests.  (*Id.*).  Therefore, this factor counsels in favor

of application of the Federal Rules of Civil Procedure.  *Inventus*, 2021 WL 4477940, at *9.

### B.      The Degree of Specificity of the Request

No party has objected to the proposed depositions as overly broad or unduly burdensome.

*See In re Global Power Equip. Grp.*, 418 B.R. at 847-48 (suggesting that the lack of such

objections reflected the "sufficiently specific" nature of the document and deposition requests).

Further, to the extent that either side seeks such objectionable deposition testimony, its scope can

be narrowed.  *Wultz v. Bank of China Ltd.*, 910 F. Supp. 2d 548, 556 (S.D.N.Y. 2012) (finding

that "the specificity factor will weigh in favor" of applying the Federal Rules "once plaintiffs'

discovery requests have been narrowed").  Thus, this factor also counsels in favor of applying

the Rules.

### C.      Where the Information Originated

The deponents are located in India and the matters about which they will testify occurred

in India.  This factor weighs in favor of requiring compliance with the Convention.  *Catalano v. BMW of N. Am., LLC*, No. 15-cv-4889, 2016 WL 3406125, at *8 (S.D.N.Y June 16, 2016) ("Because all of the requested material is located outside of the United States – and compliance would impose obligations on persons outside the United States, this factor favors [application of the Convention].").

### D.    The Availability of Alternative Means of Securing the Information

"[I]f the information cannot be easily obtained through alternative means, this factor is said to counterbalance the previous factor – the location of the documents and information – and weighs in favor of disclosure."  *Inventus Power*, 2021 WL 447794, at *10 (citations and quotations omitted).  Additionally, "in many situations, the Convention procedures would be unduly time-consuming and expensive, and less likely to produce needed evidence than direct use of the Federal Rules."  *In re Auto. Refinishing Paint Litig.*, 358 F.3d at 300.  Indeed, here the State Department has warned Defendants: "It takes quite a bit of time and effort to schedule a deposition in India [via its legal system] even without the ramifications of the COVID outbreak to consider. It could take anywhere from a few weeks to a few months."  (Email Exch. w/U.S. Embassy New Delhi, ECF No. 36-1, at 2).  Conversely, "[a]n order of this Court under the Federal Rules of Civil Procedure can be enforced immediately."  *In re Global Power Equip. Grp.*, 418 B.R. at 848.  "Further, using the Federal Rules of Civil Procedure, and maintaining direct supervisory authority over discovery with this Court, will allow future disputes that may arise to be handled in a prompt and efficient manner."  *Id.*  In light of these considerations – as well as the fact that the testimony of the attorneys who represented the parties in the Indian proceedings lacks a clear evidentiary substitute – this factor weighs in favor of applying the Federal Rules.

7

E.      **The Interests of the Countries Involved**

"The extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located, is the most important of the . . . factors . . . ." *Strauss*, 249 F.R.D. at 443 (citations and quotations omitted).  This country "has a substantial interest in vindicating the rights of American plaintiffs," such as Axtria. *Inventus*, 2021 WL 4477940, at *12 (citation and quotations omitted).  It also has "an overriding interest in the just, speedy, and inexpensive determination of litigation in [its] courts" – an interest that would be imperiled by application of the Convention insofar as conducting the depositions in India "could take anywhere from a few weeks to a few months" and necessitate using Indian attorneys to "navigate" the Indian legal system.  *Id.* (citations and quotation omitted); Email Exch. w/U.S. Embassy New Delhi, ECF No. 36-1, at 2.  The United States' "obvious interest in having its own procedural rules applied to discovery" in cases pending in American courts is even "more pronounced, where, as here, the evidence at issue is vital to the litigation." *Inventus*, 2021 WL 4477940, at *12 (citations and quotations omitted).  In addition, "the courts of the United States undoubtedly have a vital interest in providing a forum for the final resolution of disputes." *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, No. 16 C 3401, 2017 WL 4287205, at *5 (N.D. Ill. Sept. 27, 2017).  This interest is particularly strong here because Plaintiffs allege that Defendants violated a settlement agreement that finally resolved prior litigation between the parties, including a civil suit filed by OKS against Axtria in the District of New Jersey.  (Am. Compl., ECF No. 15, at ¶¶ 18, 56).

India is not without any interest in this matter.  It has "a sovereign interest in managing access to information within its borders, as well as attempting to protect its citizens from

discovery in foreign litigation." *Trueposition*, 2012 WL 707012, at *5.  But these are interests that India would have in any litigation in which information in India was sought from an Indian citizen for use in foreign litigation.  These general interests are outweighed by the United States' own general interests in the litigation, particularly when coupled with its more specific interest implicated here in preserving an allegedly final settlement agreement resolving litigation in its courts.  *Cf. Inventus Power*, 2021 WL 4477940, at *13 ("Upon balancing the United States' general interest in vindicating [the plaintiff's] rights in a just and speedy manner under its own rules *and* its specific interest in protecting its trade secrets with China's interest in ensuring its citizens do not violate a general civil statute, this factor weighs in favor of the Federal Rules and against the Hague.  Indeed, even in the face of generalized United States' interests or more specific Chinese interests, courts have routinely found that this factor weighs against applying the Hague.") (emphasis in original) (citations omitted).  Accordingly, this factor also weighs in favor of applying the Federal Rules of Civil Procedure.

### F.    The Good Faith of the Party Resisting Discovery

Plaintiffs do not question Defendants' good faith in requesting that the Convention be applied.  (Axtria Brief, ECF No. 40, at 9.)  Where there is no evidence of bad faith, "[t]his factor is neutral or weighs slightly in favor of using the Hague Procedures" but will not tip the scales in favor of applying the Convention where the other factors, on balance, indicate that the Federal Rules should apply.  *In re Global Power Equip. Grp.*, 418 B.R. at 849.

### G.    The Hardship of Compliance on the Witness

"[T]his factor is concerned primarily with any sanctions or criminal penalties a foreign defendant may suffer in its own country for complying with a discovery request in a United States court." *Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico*, No. 07-CV-

309-L, 2008 WL 81111, at *8 (S.D. Cal. Jan. 8, 2008); *see also Strauss*, 249 F.R.D. at 454 (the possibility of criminal rather than civil penalties weighs more strongly in favor of application of the Convention).  Also, "some courts have found the hardship to weigh more heavily in the balance" when the individual or entity with the information is not a target of a criminal investigation or a party to the litigation.  *Minpeco, S.A. v. Conticommdity Servs.*, 116 F.R.D. 517, 526 (S.D.N.Y. 1987).  Here, however, Defendants do not assert, and do "not present any evidence showing[,] that [their Indian attorneys] face[ ] a significant risk of prosecution by complying with . . . the Federal Rules of Civil Procedure" in regard to their depositions. *Trueposition, Inc.*, 2012 WL 707012, at *6; *see also Inventus Power*, 2021 WL 4477940, at *13 (rejecting as "speculative[ ]" the argument that a company might be subject to penalties under a Chinese law prohibiting production of "documents located in China for use in foreign court proceedings without the permission of the proper authorities and in accordance with Hague Convention procedures," where the company had "not cited to any instance of a Chinese entity being penalized or prosecuted for producing documents for use in a United States litigation").  Accordingly, this factor suggests that the Court should apply the Federal Rules of Civil Procedure.

> **H.    Summary**

Only one or (at most) two factors weigh in favor of applying the Convention over the Federal Rules of Civil Procedures.  Although the Court does not mean to suggest that weighing the factors entails simply counting how many favor the Convention versus the Rules, it notes that courts regularly apply the Rules over the Convention in similar circumstances.  *See Inventus Power*, 2021 WL 4477940, at *13 (applying the Rules where the only factor counseling application of the Convention was the location of the evidence); *Laydon v. Mizuho Bank, Ltd.*,

183 F. Supp. 3d 409, 427 (S.D.N.Y. Apr. 29, 2016) ("A review of the relevant factors shows that the only factor that clearly favors the Moving Defendants is the location of the documents at issue. Accordingly, the Moving Defendants have failed to meet their burden of establishing that, in the interest of comity, plaintiff should, in the first instance, be compelled to pursue discovery pursuant to the procedures established by the Hague Convention."); *Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 250 (S.D.N.Y. Dec. 6, 2010) (applying the Rules where "[e]ach of the relevant factors, with the exception of the location of the information, favors discovery without resort to the Hague Evidence Convention").

## IV.     CONCLUSION

For the foregoing reasons, the parties shall conduct the depositions of Aditya Wadhwa, Sougat Mishra, Diya Kapur and Raj Kamal in accordance with the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge