IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXTRIA INC., et al. | : | CIVIL ACTION |
| | : | NO. 20-6424 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| OKS GROUP, LLC et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    March 15, 2022

## I.    INTRODUCTION

This is a breach of contract case that the Court referred to Magistrate Judge Sitarski for discovery. Before the Court are Defendant's objections to Judge Sitarski's memorandum opinion of December 29, 2021, in which she ordered that the depositions of Aditya Wadhwa, Sougat Mishra, Diya Kapur, and Raj Kamal, who are citizens of India, be conducted in accordance with the Federal Rules of Civil Procedure, and found that the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") did not apply in this case.

Because Defendants do not point to any clear authority that supports their argument that Judge Sitarski erred in her decision, their objections will be overruled.

## II.   BACKGROUND

Plaintiffs Axtria, Inc. and Jaswinder Chadha bring this action against Defendants OKS Group, LLC, OKS Group

International PVT. LTD., and Vinit Khanna alleging that
Defendants breached a prior settlement agreement between the
parties.

At the November 9, 2021 discovery conference before Judge
Sitarski, the parties indicated that a dispute had arisen
regarding the applicability of the Hague Convention to the
planned depositions of several Indian attorneys who participated
in the underlying criminal and civil matters that gave rise to
this action. Defendants argued that the depositions must be
performed in compliance with the Hague Convention, while
Plaintiffs argued for the application of the Federal Rules of
Civil Procedure. Judge Sitarski ordered the parties to brief the
issue and ultimately issued her opinion on December 29, 2021.

Judge Sitarski concluded in her opinion that the
depositions must be taken in accordance with the Federal Rules
of Civil Procedure instead of the Hague Convention. To reach her
decision, she applied the following non-exclusive "comity
analysis" factors as stated in Societe Nationale Industrielle
Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S.
522 (1987): (1) the importance to the litigation of the
documents or other information requested; (2) the degree of
specificity of the request; (3) whether the information
originated in the United States; (4) the availability of
alternative means of securing the information; and (5) the

extent to which noncompliance with the requests would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. Société Nationale, 482 U.S. at 544 n.28. Judge Sitarski also considered the following two additional factors in the comity analysis, which have been articulated by other courts: (1) good faith of the party resisting discovery; and (2) the hardship of compliance on the party or witness from whom discovery is sought. See, e.g., In re Global Power Equip., 418 B.R. 833, 847 (D. Del. 2009); Strauss v. Credit Lyonnais, S.A., 249 F.R.D. 429, 454-56 (E.D.N.Y. 2008)).

Judge Sitarski ultimately concluded that because the depositions in question are at the center of the litigation, the requests are sufficiently specific, the information is not easily obtainable by other means, the United States has an important interest in the outcome of the litigation, and Defendants did not assert any hardship in complying with the Federal Rules, the Federal Rules of Civil Procedure should control. Because the witnesses are located in India, Judge Sitarski ordered they be deposed remotely by video.

**III. LEGAL STANDARD**

A district court may reverse a Magistrate Judge's discovery order if it is "clearly erroneous or contrary to law." 28 U.S.C.

§ 636(b)(1)(A); see also Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) ("It is undisputed that the proper standard of review for discovery orders is the 'clearly erroneous or contrary to law standard.'") (citing 28 U.S.C. § 636(b)(1)(A)). "This standard affords magistrates broad discretion in resolving discovery disputes." Conway v. State Farm Fire & Cas. Co., No. 98-cv-0832, 1998 WL 961365, at *1 (E.D. Pa. 1998).

## IV. DISCUSSION

Defendants essentially advance two objections to Magistrate Judge Sitarski's order. First, they argue that Judge Sitarski mis-framed the issue as whether the depositions should be taken in compliance with the Hague Convention or the Federal Rules of Civil Procedure; the real issue, according to Defendants, is "where and when those depositions should take place." Def's. Obj. at 15, ECF No. 44-1. And second, Defendants argue that Judge Sitarski misapplied the applicable case law. As set forth below, both arguments fail.

In asserting that Judge Sitarski misrepresented the issue in her opinion, Defendants now advance a line of argument that was not presented in its prior brief. They essentially argue that they do not object to the application of the Federal Rules of Civil Procedure to the depositions in question, but that even then, either the Hague Convention or the India Code of Civil

Procedure prohibits the taking of a video deposition of a witness located in India. Defendants now take the position in their objections that the depositions must be taken in the United States prior to trial and after the pandemic has "abated." Id. at 16.

However, because this argument was not present in Defendants' brief to Judge Sitarski, Defendants are not permitted to advance it before this Court.[1] According to local Rule 72.1(IV)(c), "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Loc. R. Civ. P. 72.1(IV)(c). The Third Circuit has also found that "[a]rguments not presented to a magistrate judge and raised for the first time in objections . . . are deemed waived." In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3, 971 F.3d 433, 444 (3d Cir. 2020) (citing

---

[1]     Even if Defendants were permitted to include this new argument in their objections, it is still unconvincing. The issue of the extent that a foreign statute precludes the taking of discovery outside Hague Convention procedures —and whether any corresponding penalties may potentially be imposed —is explicitly incorporated into the comity analysis in the form of the "hardship of compliance on the witness" factor. In considering this factor in her opinion, Judge Sitarski found that it weighed in favor of the application of the Federal Rules because Defendants had not shown that the Indian citizens faced any significant risk of prosecution in complying with the Federal Rules of Civil Procedure in regard to their depositions. See Mem. Opinion at 9-10, ECF No. 42.

Marshall v. Chater, 75 F.3d 1421, 1426 (10 Cir. 1996)). "A 'passing reference to an issue' does not suffice to preserve it." Id. (citing Laborers' Int'l Union of N.A. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994)).

Defendants admit that the arguments in question were not raised before Judge Sitarski, but they argue that they had no opportunity to raise them until now, because at the time they filed their brief with Judge Sitarski on the issue they were not aware of the basis of Plaintiffs' arguments against the application of the Hague Convention. But Defendants' position in its initial brief was that Plaintiffs should be required to comply with Hague Convention procedure in taking the depositions at issue. Nothing prevented them from arguing in their initial brief that the India Code of Civil Procedure prohibited the remote depositions and that they should consequently be taken in the United States. And because they failed to do so, the Court will not consider these new arguments at this stage.

Defendants next argue that Judge Sitarski misrepresented the relevant case law in her decision. They first point out, as they did in their initial brief, that the website for the United States Department of State advises that taking depositions of Indian citizens in India should be done in compliance with the Hague Convention. But as recognized by Judge Sitarski in her opinion, "India's and the State Department's positions regarding

the necessity of following the Convention is not dispositive." Mem. Opinion at 3, ECF No. 42 (citing Inventus Power v. Shenzhen Ace Battery, 339 F.R.D. 487, 500-501 (N.D. Ill. 2021)). And the Supreme Court has recognized that the Hague Convention "was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad." Societe Nationale, 482 U.S. at 536; see also Tulip Computers Intern. B.V. v. Dell Computer Corp., 254 F. Supp. 2d 469, 472 (D. Del. 2003) ("The Hague Evidence Convention serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike."). In sum, consistent with Judge Sitarski's opinion, Defendants are unable to point to any authority that establishes that compliance with the Hague Convention is required.

Defendants further argue that Judge Sitarski's application of the Societe Nationale factors was a fundamental error of law. In so arguing, they attempt to distinguish the present issue from those considered in other cases in which the factors were applied. They claim that because the type of discovery being ordered here is a deposition, rather than the production of documents, for example, which has shown up more frequently in other cases, this case is distinguishable and the Societe Nationale factors should therefore not be considered. But the

case law does not support drawing such a distinction. See, e.g., Wu v. Sushi Nomado of Manhattan, Inc., Nos. 17-cv-4661, 18-cv-1126, 2021 WL 7186735, at *10 (S.D.N.Y. Oct. 29, 2021) (noting that "courts have . . . relied upon [Societe Nationale] and its progeny to determine whether depositions should proceed in violation of foreign law") (first citing Eikenberry v. Celsteel Ltd., No. 13-cv-4661, 2013 WL 5308028, at *4 (S.D.N.Y. Sept. 19, 2013) and then citing Ward-THG, Inc. v. Swiss Reinsurance Co., No. 96-cv-8100, 1997 WL 83294, at *1 (S.D.N.Y. Feb. 27, 1997)); Yowie N. Am., Inc. v. Candy Treasure, LLC, No. 13-cv-1906, 2013 WL 6061945, at *2 (S.D. Cal. Nov. 14, 2003) (rejecting the defendants' argument that the Magistrate Judge erred in concluding that depositions could be conducted remotely without prior authorization of the foreign government because "the Hague Convention is not mandatory, making such approval unnecessary"). Therefore, under these circumstances, the Court cannot find that Judge Sitarski's application of the Societe Nationale factors was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## V.   CONCLUSION

In sum, Defendants have not shown that Judge Sitarski erred in her decision that the Federal Rules of Civil Procedure should apply to the challenged depositions. Accordingly, their objections will be overruled.

An appropriate order follows.