IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AXTRIA, INC., JASWINDER CHADHA** : | **CIVIL ACTION** |
| : | |
| v.   : | **NO. 20-6424** |
| : | |
| **OKS GROUP, LLC, OKS GROUP INTERNATIONAL PVT. LTD., VINIT KHANNA** : : : | |

# **ORDER**

**AND NOW**, this 27th day of October 2023, upon considering Defendants' Motion for summary judgment (ECF No. 71), Plaintiffs' Opposition (ECF No. 72), Defendants' Reply (ECF No. 73), following oral argument, and for reasons in a forthcoming Memorandum confirming our basis for finding no genuine issue of material fact as to our inability under contract law to enforce release language which Plaintiffs urge should be construed as possibly precluding a party from amending criminal allegations following a civil settlement agreement as a matter of a well defined and dominant public policy, it is **ORDERED** Defendants' Motion for summary judgment (ECF No. 71) is **GRANTED** upon finding:

1. We **dismiss** Mr. Chadha's claims as he is not a defined party to the settlement agreement, is not plead nor shown to be a third-party beneficiary, and admittedly suffered no economic damage plead in the amended Complaint (ECF No. 62);

2. We **dismiss** Vinit Khanna as he is not a defined party with obligations under the settlement agreement nor have Plaintiffs plead or adduced evidence he is an alter ego or mere instrumentality of the entity Defendants defined as parties in the settlement agreement;

3. We **dismiss** Plaintiff Axtria, Inc.'s claims for breach of contract, promissory estoppel, implied covenant of good faith, and unjust enrichment including its claims for attorney fees and punitive damages as:

a. Plaintiff did not adduce evidence Defendant OKS Group International Pvt. LTD breached paragraph six of the settlement agreement as the undisputed evidence is to the contrary;

b. We cannot enter judgment as a matter of law as to whether the release in paragraph five of the settlement agreement necessarily precluded the entity Defendants' ability to file an amended protest petition as a matter of contract interpretation;

c. But, in balancing the rights to enforce contract terms with reasonable inferences in the non-movant Plaintiff's favor weighed against a well defined and dominant public policy precluding us from enforcing promises to not report this level of criminal activity involving charges of theft of proprietary information punishable by incarceration, we are unable to read into or infer an obligation under the integrated release not to amend a protest petition which does not seek to charge the Plaintiff's affiliates but instead references the Plaintiff entity and its agent's conduct as such an interpretative reach is violative of a well defined and dominant public policy precluding the enforcement of agreements or promises to not report criminal conduct mindful nothing in our analysis should prejudice Plaintiff's affiliates' defenses and redress in the criminal courts and possible civil tort theories should they favorably resolve the criminal case[1];

d. We likewise cannot enforce an extra-contractual promise not in the integrated settlement agreement or otherwise imply terms in a release to impose an obligation contrary to the well defined and dominant public policy by enforcing an agreement precluding persons from reporting criminal activity;

      e. We find no evidence Plaintiff unjustly enriched the Defendant entities by paying $25,000 under a severable integrated settlement agreement in exchange for dismissing two civil cases and amending the criminal complaint in India as further supported by our holding the promise to discharge future criminal complaints is unenforceable; and,

    4. We **vacate** the parties' prospective obligations under our September 8, 2023 Order.[2]

          *[signature]*
          **KEARNEY, J.**

---

[1] Several courts have long defined this dominant public policy including the Supreme Court over forty-three years ago looking to the thirteenth century Anglo-Saxon traditions through the first Congress of the United States. *Roberts v. United States,* 445 U.S. 552, 557 (1980) (citing the "deeply rooted social obligation" to cooperate with authorities); *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366, 1377-78 (Fed. Cir. 2001) ("[I]t is a long-standing principle of general contract law that courts will not enforce contracts that purport to bar a party ... from reporting another party's alleged misconduct to law enforcement authorities for investigation and possible prosecution."); *Cosby v. Am. Media, Inc.*, 197 F. Supp. 3d 735, 742 (E.D. Pa. 2016) ("[T]o the extent that the [confidential settlement agreement] purports to prevent its signatories from voluntarily disclosing information about crimes to law enforcement authorities, it is unenforceable as against public policy."); *Signapori v. Jagaria*, 84 N.E.3d 369, 376 (Ill. App. 2017) (finding confidentiality obligation unenforceable as a matter of public policy where its purpose is to conceal misrepresentations to financial institutions). We applied the balancing factors used by New Jersey courts (given all parties agree New Jersey law governs) and commended by the commentators in the Restatement. These factors overwhelmingly require we uphold the well defined and dominant public policy as outweighing the parties' freedom to set contract terms. *See Saxton Const. & Mgmt. Corp. v. Masterclean of North Carolina Inc.*, 273 N.J. Super 374, 378 (Law Div. 1992) (citing Restatement (Second) of Contracts, §178(1) (1981)). We are not persuaded by Defendants' almost exclusive reliance upon an earlier New Jersey Supreme Court analysis of appropriate attorney discipline critical of an attorney's failure to disclose to the criminal court the existence of a civil settlement between the complainant and alleged victim (among other disciplinary infractions). *In re Stein*, 483 A.2d 109, 116 (N.J. 1984). The court in *Stein*'s analysis focused on attorney discipline not the enforceability of promises after considering public policy and, in any event, the disciplined attorney did not tell the criminal court of the settlement. We face the exact opposite; the Defendant's India affiliate specifically told the India Police of the settlement in the amended protest petition and it did not want to charge the Plaintiff 's India affiliates with a crime because of the settlement.

3

---

[2] We appreciate counsel making themselves available for an extended oral argument this week after our review of the summary judgment briefing completed on October 10, 2023. ECF Nos. 73, 74. Counsel's final pre-trial obligations begin next Friday under our September 8, 2023 Order. ECF No. 70. We hoped to mitigate burden and expense in preparing for the November 14, 2023 trial start especially for witnesses possibly travelling great distance after we decided there are no triable issues as a matter of law.  We hope to issue a Memorandum explaining our reasoning by mid-November 2023. We defer issuing a judgment order or closing the case until we issue our Memorandum thus allowing the parties to seek review or reconsideration upon entry of the judgment order. *See* Fed. R. App. P. 4.