IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AXTRIA, INC., JASWINDER CHADHA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-6424 |
| | : | |
| **OKS GROUP, LLC, OKS GROUP INTERNATIONAL PVT. LTD., VINIT KHANNA,** | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 3rd day of January 2024, upon considering Plaintiffs' Motion to alter or amend under Federal Rule of Civil Procedure 59(e) (ECF No. 82) our October 27, 2023 and November 15, 2023 Orders (ECF Nos. 77, 79) granting Defendants' Motion for summary judgment, Defendants' Response (ECF No. 83), Plaintiffs' Reply (ECF No. 84), and finding Plaintiffs seek to amend based on their disagreement with our reasoning largely based on their oral argument rather than meeting their burden under Rule 59(e), it is **ORDERED** Plaintiffs' Motion to alter or amend (ECF No. 82) is **DENIED**.

## *Analysis*

Axtria, Inc. and its officer Jaswinder Chadha ask us to vacate our October 27, 2023 and November 15, 2023 Orders granting summary judgment in favor of OKS Group, LLC, OKS Group International Pvt. Ltd., and Vinit Khanna and order the parties proceed to trial on its claims. We find no basis to do so.

Our judgment may be altered under Rule 59(e) if Axtria shows at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when we granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[1] The Supreme Court through Rule 59(e) allows us to "change to rectify [our]

own mistakes in the period immediately following [our] decision" and the Rule is generally used "only to reconsider matters properly encompassed in a decision on the merits."[2] We do not address new arguments or evidence Axtria and Mr. Chadha (collectively "Axtria") could have raised before we granted summary judgment after extensive oral argument.[3] Axtria, as the movant under Rule 59, bears a heavy burden.[4] Motions under Rule 59(e) are granted "sparingly."[5]

Axtria argues we committed a clear error of law or fact or we now need to prevent manifest injustice. Clear error is committed when "although there is evidence to support [the finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[6] Manifest injustice occurs "when the movant can show an error in the trial court that is direct, obvious, and observable[;] … and the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it."[7]

Axtria argues: (1) we awarded summary judgment on grounds not raised by OKS and for which Axtria "had no reason to believe would be germane" to our holding; (2) we evaluated the evidence in the light most favorable to OKS rather than Axtria as the non-movant; and (3) our ruling on Axtria's comity argument is unsupported by law.[8] Axtria fails to meet its burden to show clear error of law or fact or manifest injustice. It disagrees with our findings based on its representations during oral argument. Its disagreement does not meet the heavy burden of showing clear error or manifest injustice. We deny its motion.

### *We did not base a grant of summary judgment on "new" arguments.*

We held oral argument on OKS's motion for summary judgment on October 25, 2023 after advising counsel of our particular concerns necessitating oral argument. We advised counsel they should be prepared to address questions including public policy concerns under New Jersey law and to "further explore the nature of Plaintiffs' claims given the parties' chosen language with an

integration clause in the Settlement Agreement and Mutual Release."[9] We raised at oral argument Mr. Chadha's standing to bring a breach of contract claim where he is not a party to the settlement agreement. OKS argued Mr. Chadha does not have standing. We afforded counsel for Axtria and Mr. Chadha an opportunity to respond, including argument on a third-party beneficiary theory under New Jersey law. Axtria asserted Mr. Chadha has an interest in the litigation as a criminal defendant in India but confirmed Mr. Chadha has no out-of-pocket damages.[10]

We must raise standing regardless of whether Axtria's counsel adequately prepared for oral argument. We expect counsel would study standing before filing suit. Article III standing is a "threshold" issue.[11] It is an "irreducible constitutional minimum" without which we have no jurisdiction.[12] We may raise standing sua sponte as part of our continuing obligation to ensure our jurisdiction.[13] We reject Axtria's argument we erred in raising Mr. Chadha's standing when we must raise it to ensure our jurisdiction and where Axtria presumably reviewed standing and jurisdiction before filing suit, argued standing during oral argument, and could have but elected not to further brief the issue.

Axtria also argues it had no opportunity to respond to our question at oral argument regarding Defendant Khanna's liability for breaching a settlement agreement he did not sign. Axtria's counsel argued Mr. Khanna is an alter ego of OKS and OKS India but could not provide us with evidence in the record of alter ego nor is alter ego alleged in the amended complaint. We deny Plaintiffs' motion on these grounds.

Axtria next claims we erred as a matter of law by asking about the precise basis of the breach, including whether the alleged breach is based on paragraph 5 or paragraph 6 of the settlement agreement and whether the breach is based solely on the filing of the March 2020 Protest

3

Petition. Axtria argues the parties did not brief this issue and we had no business raising it at oral argument.

We reject this argument. Our October 20, 2023 Order scheduling oral argument offered guidance including specifically advising argument would "further explore the nature of Plaintiffs' claims."[14] Counsel should not be surprised by questions at oral argument regarding the basis of claims on summary judgment. We cannot think of a more basic issue to be prepared to discuss at oral argument on a case dispositive motion as to identify the specific breach in the contract claim.

Axtria argues we erred as a matter of law by making factual findings regarding the nature of the breach, specifically OKS's filing of the Protest Petition in March 2020. We only followed Axtria counsel's repeated confirmation of the specific breach. Axtria's counsel on multiple occasions during oral argument represented the filing of the Protest Petition is the basis of the Plaintiffs' breach of contract claim.[15] Counsel specified Axtria's claim is "very narrow" and "it's ***not*** -- our claim is clearly ***not*** that [Defendants] violated any obligation by virtue of cooperating with the Indian Police or the like. In fact, the very essence of a protest petition is to protest to the Court the failure, in this instance, to join – to pursue Axtria and its executives, which Mr. Khanna had been trying to do prior to his filing the petition on – in March of '20. ***So it is the filing of the petition which is the – which is the breach of contract***, the civil wrong for which we're entitled to damages."[16] Axtria counsel further represented "***evidence of that breach*** [the filing of the Protest Petition] is demonstrated by the June and September submissions" to Indian authorities.[17]

Axtria cannot now complain our summary judgment order is based on "new grounds" and if it had the opportunity to "prepare evidence and argument" it would have argued the breach of contract claim is not only the filing of the March 2020 Protest Petition but also of OKS's June and September 2020 court filings and appearances in India. This tactic is contrary to its counsel's

4

repeated representations during oral argument. Axtria does not like what it represented during oral argument presumably because it did not prepare to identify the specific breach of the contract forming the basis of a Complaint it filed consistent with Rule 11 almost thirty-three months earlier. We did not clearly err in relying on Axtria's counsel's repeated representations.

Axtria's counsel also conceded at oral argument paragraph 6 of the settlement agreement is not ambiguous.[18] We concluded Axtria did not adduce evidence OKS breached an obligation to modify the pending Protest Petition under the unambiguous paragraph 6 of the settlement agreement. We also concluded we could not grant summary judgment on whether OKS breached the release language in paragraph 5 of the settlement agreement as a matter of fact. But we also could not, as a matter of public policy, enforce a contract obligation in paragraph 5 to not report criminal conduct as violative of New Jersey public policy based on our extensive analysis of New Jersey case law and authority from the United States Supreme Court, United States Court of Appeals for the Federal Circuit, Judge Robreno's analysis of similar issues under Pennsylvania law in *Cosby v. American Media, Inc.*, and other authority. Axtria offered one point of authority from an inapposite attorney disciplinary matter which we addressed in detail before finding it unpersuasive.[19]

These are not new issues to which Axtria could not respond. Axtria knew from OKS's briefing and our October 20, 2023 Order we would address the basis of its breach of contract claim. And, if for some recently conceived reason Axtria was caught off guard discussing the basis of its breach of contract claim, it could have, but did not, seek to further brief the issue.

*We correctly applied the summary judgment standard.*

Axtria next argues we clearly erred by evaluating the evidence on summary judgment in the light most favorable to OKS rather than Axtria as the non-movant. Axtria argues we limited

the scope of "what constituted [the] breach by refusing to consider OKS's post-March 2020 conduct."[20] Its argument is nothing more than a disagreement with our conclusion the filing of the March 2020 Protest Petition cannot serve as a breach of the settlement agreement because to enforce it violates public policy. As an example, Axtria points to our "incorrect reasoning" by now referring to the entirety of the 2016-2020 criminal proceedings as a single "protest petition" and the March 2020 filing as an "amended protest petition" when there is no evidence the term "protest petition" applies to anything other than the March 2020 filing. And Axtria's counsel repeatedly told us so during oral argument.

Axtria does not show how our review of a question of contract law is an incorrect application of the summary judgment standard of review or how it changes the outcome. We noted the history of OKS's criminal complaints in India beginning in 2016 through 2018, when OKS India advised India Police to remove charges against Axtria India and its officers. OKS then renewed its criminal allegations by filing the March 2020 Protest Petition. By its own admission, Axtria characterized the March 2020 Protest Petition as based on allegations substantively identical to the 2015 lawsuit in New Jersey, the 2016 criminal complaint, and the 2018 updated criminal complaint.[21] Axtria does not explain how our reference to OKS filing an "amended criminal complaint by way of a Protest Petition on March 11, 2020," even if incorrect, constitutes a clear error under Rule 59(e).

Our analysis is based on Axtria's response to summary judgment and its counterstatement of the material facts. We concluded, as a matter of law, we could not enforce a breach of a settlement agreement based on the filing of the March 2020 Protest Petition, which is the basis of Axtria's breach of contract claim both as pleaded and repeatedly confirmed at oral argument.

6

### *We properly rejected Axtria's inapposite comity argument.*

Axtria argued finding the settlement agreement unenforceable under well-established New Jersey law consistent with decades of United States Supreme Court guidance would offend principles of international comity.[22] We rejected this argument, explaining the contracting parties chose New Jersey law to govern their obligations and nothing in our reasoning is directed toward Indian criminal process. Axtria now contends this finding is unsupported by the law, raising again the argument it made in opposition to summary judgment.

The purpose of a Rule 59(e) motion is not to reargue or relitigate matters already decided; it is to correct a clear error of law or fact. Axtria cites one case in support of its comity argument.[23] An individual defendant in *Bro-Tech* moved for an anti-suit injunction asking Judge Rufe to enjoin Bro-Tech Corporation from pursuing its action brought against the defendant in England. Judge Rufe considered whether an anti-suit injunction enjoining Bro-Tech's ability to pursue its claims in England limits the authority of the High Court in England, offending principles of comity. Judge Rufe denied the motion for an anti-suit injunction. She reasoned comity and a "reluctance to interfere with foreign proceedings absent extraordinary or aggravated circumstance" informed her conclusion an anti-suit injunction is inappropriate.[24] Such an injunction "restraining the advancement of foreign proceedings should be entered only to protect this Court's jurisdiction or to protect an important public policy."[25] Duplication of issues, vexatiousness of parallel foreign proceeds, and inconvenience to the parties are not sufficient grounds to issue an anti-suit injunction.[26]

But that is not the situation here. We are not restraining the advancement of proceedings in India, as Judge Rufe questioned. The parties asked us to decide whether there is a genuine issue of material fact on Axtria's breach of contract claim based on OKS's filing of the March 2020

Protest Petition. We concluded—based on the parties' contractual obligations under the settlement agreement with a New Jersey choice of law provision—we could not find the filing of the March 2020 Protest Petition constitutes a breach of the parties' agreement because enforcing the agreement is contrary to New Jersey's defined public policy and cannot be enforced in the manner Axtria seeks.

We do not see how this runs afoul of comity regarding criminal proceedings in India. We have not enjoined a party from taking steps in India or limited in any way the authority of the Indian courts. Nor do we agree with Axtria's argument we "should not let a ruling on New Jersey law interfere with a criminal proceeding under India law" based on comity concerns.[27] We are not interfering in an India proceeding. Axtria asserts OKS is now seeking to add our summary judgment decision to the record in Axtria's motion filed in India to quash the criminal charges in India. OKS concedes OKS's Indian counsel provided a copy of our summary judgment opinion to the Indian High Court currently considering Axtria's petition to quash the criminal proceedings there but argues this does not make our decision a clear error of law or result in manifest injustice. We agree. We will not police a party's ability to advise another court of a federal court order to the extent material to a decision in another forum.

*[signature]*
**KEARNEY, J.**

---

[1] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017).

[2] *Banister v. Davis*, 590 U.S. ---, 140 S.Ct. 1698, 1703 (2020) (cleaned up).

[3] *Id.*

[4] *Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. and Supplies, Inc.*, No. 16-1343, 2017 WL 2840352, at *5 (E.D. Pa. June 30, 2017).

[5] *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

[6] *Impala Platinum Holdings Ltd.*, 2017 WL 2840352 at *5 (quoting *United States v. Price*, 558 F.3d 270, 277–76 (3d Cir. 2009)).

[7] *Id.* (internal citation omitted); *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *6–*8 (E.D. Pa. May 26, 2009).

[8] ECF No. 82.

[9] ECF No. 74.

[10] ECF No. 80, N.T. at 9–10.

[11] *Va. House of Delegates v. Bethune-Hill*, 587 U.S. ---, 139 S.Ct. 1945, 1950–51 (2019).

[12] *Wayne Land and Mineral Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020).

[13] *Id.*

[14] ECF No. 74.

[15] *See* ECF No. 80, N.T. at 29 ("It is the action of OKS filing the protest petition that is the breach"); 32-35 ("Q. Didn't you just tell me a minute ago that the breach was the filing of the protest petition? A. It was, Your Honor."); 36-37 ("Your Honor, the breach was the filing of the protest petition, I agree with that and I will stand by that.").

[16] *Id.*, N.T. at 27–28 (emphasis added).

[17] *Id.*, N.T. at 37 (emphasis added).

[18] *Id.*, N.T. at 16 (Q: "[D]o you have any evidence that [paragraph 6] is ambiguous? Did you adduce evidence that that's ambiguous? … A. No. I think that we – both parties would agree that it was up to [OKS India] … to withdraw, modify the Indian lawsuit and the Indian criminal complaint. And in fact, it did that through Mr. Khanna's letters, three letters, to the Indian criminal authorities.").

[19] ECF No. 78 at 20-21.

[20] ECF No. 82-1 at 19.

[21] *See* ECF No. 72–2, Axtria Counterstatement of Undisputed Facts at ¶¶ 20–22.

---

[22] ECF No. 72 at 16–20.

[23] *Bro-Tech v. Thermax*, No. 05-2330, 2007 WL 2597618 (E.D. Pa. Sept. 4, 2007).

[24] *Id.* at *3.

[25] *Id.*

[26] *Id.* at *4.

[27] *See* ECF No. 82–1.